IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
OCT -6 AM 8:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES EDWARD LAFFITTE, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 97-H-0406-S
)
JIM WOODWARD, et al, )
)
    Defendants. )

**ENTERED**

**OCT - 6 1997**

## MEMORANDUM OF OPINION

This is a 42 U.S.C. § 1983 action, wherein the plaintiff contends that the defendants violated his constitutional rights while he was confined in the Jefferson County jail. In his report and recommendation, the magistrate judge recommended that this action be dismissed for failure to state a claim. It was explained to the plaintiff that he could file objections to the report and recommendation; he responded by filing a motion for leave to amend his complaint.

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and ACCEPTED. The court will now address the plaintiff's motion to amend.

The plaintiff seeks leave to amend his original complaint to include "unnamed Deputies and Employees of the Jefferson County Sheriff Department as defendants." It is well established that the fictitious party practice is unavailable under the Federal Rules of Civil Procedure; there is no provision in the federal statutes or the Federal Rules of Civil Procedure for the use of fictitious parties. *Weeks v. Benton*, 649 F. Supp. 1297 (S.D. Ala. 1986). The plaintiff's motion to add fictitious parties is DENIED.

The plaintiff also seeks to amend his complaint to allege that both the Jefferson County Commission and the Jefferson County Sheriff have full knowledge of the

10

unconstitutional conditions at the Jefferson County Jail; that, because the unconstitutional events and conditions are widespread and pervasive, those events and conditions represent the official policies, customs, and usages of the Jefferson County Commission and the Jefferson County Sheriff; that the defendants have been notified numerous times through grievances and complaints and have made no effort to correct or change the unconstitutional policies, customs, and usages; and that the defendants refuse to exercise the proper and effective supervision, discipline, control, training and instruction "of their subordinate Deputies and employees." This part of the plaintiff's motion to amend is GRANTED. The court will address these new allegations.

As stated in the report and recommendation, the conditions about which the plaintiff complains do not amount to cruel and unusual punishment. That being the event, the plaintiff's additional allegations, which attempt to attach responsibility for those conditions on the county commission and the sheriff, do not state a claim against the county commission or the sheriff.

An order will be entered in accordance with this memorandum of opinion.

DATED this  6th  day of  OCTOBER , 1997.

James H. Hancock
JAMES H. HANCOCK,
SENIOR JUDGE